IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02141-BNB

ANDREW PHILLIP VALDEZ,

    Plaintiff,

v.

JOYCE MARIE VALDEZ,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff, Andrew Phillip Valdez, resides in Arvada, Colorado.  He initiated this action by filing a Complaint (ECF No. 1) in which he purports to assert a claim for the division and partition of real property, pursuant to COLO. REV. STAT. § 38-28-101, *et seq.*  Mr. Valdez has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court construes the Complaint filed by Mr. Valdez liberally because he is proceeding *pro se.  See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, a *pro se* party must follow the same procedural rules that govern other litigants.  *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).  The Court has reviewed the Complaint and finds that it fails to allege an adequate basis to invoke this Court's subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction."  *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994).

There are two statutory bases for federal subject matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331.

The federal courts have an independent obligation to determine whether subject matter jurisdiction exists. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Because federal courts are courts of limited jurisdiction, there is a presumption against its existence. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A federal district court may therefore raise the objection that it lacks jurisdiction on its own initiative, at any stage of the litigation. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.") *see also McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988) (The issue of subject matter jurisdiction may be raised sua sponte by the court at any time during the course of the proceedings.).

In his Complaint, Mr. Valdez does not allege conduct by a state actor occurring under color of law, nor does he assert any claims arising under the Constitution, federal laws, or treaties of the United States. Instead, he complains of private conduct by a private entity that implicates state statutory law. Mr. Valdez therefore, cannot invoke this Court's jurisdiction on the basis of a federal question pursuant to 28 U.S.C. § 1331. Instead, he must satisfy the diversity jurisdiction statute, 28 U.S.C. § 1332, to maintain his action in federal court.

A plaintiff properly invokes § 1332 jurisdiction when he or she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* 28 U.S.C. § 1332(a); *see also Arbaugh v. Y&H Corp.*, 546 U.S.

500, 513 (2006).  To demonstrate federal jurisdiction pursuant to § 1332, allegations of diversity must be pleaded affirmatively.  *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction").  Plaintiff fails to allege adequately a basis for exercising diversity jurisdiction over his state law claim.  He alleges that both he and the Defendant reside in Colorado.  The allegations of the Complaint are therefore insufficient to invoke this Court's diversity jurisdiction.

On August 4, 2014, Magistrate Judge Craig B. Shaffer issued an order directing the Plaintiff to show cause, in writing and within thirty (30) days, why this action should not be dismissed for lack of subject matter jurisdiction.  (ECF No. 5).  Mr. Valdez has not responded to the Order to Show Cause or filed a motion for extension of time to do so.  Accordingly, it is

ORDERED that the Complaint and this action are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Valdez files a notice of appeal

he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED September 17, 2014, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court